**UNITED STATES of America**

v.

**Karen KLINEFELTER, Defendant.**

**Cr. No. 88–143.**

United States District Court,
W.D. Pennsylvania.

April 11, 1989.

David M. Curry, Asst. U.S. Atty., Pittsburgh, Pa., for the U.S.

Lee G. Nollau, Jubelirer, Nollau, Young & Blanarik, State College, Pa., for defendant.

MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before the Court are defendant Karen Klinefelter's Motion for Reconsideration of Judgment of Sentence and Motion for Release Pending Appeal. For the reasons set forth below, we will deny both motions.

On December 9, 1988 a jury convicted Karen Klinefelter and co-defendant John Wade Johnson of bank robbery in violation of 18 U.S.C. § 2113(a) and bank robbery by use of a dangerous weapon in violation of 18 U.S.C. § 2113(d). The two defendants were also charged and convicted of violating 18 U.S.C. § 2. A third co-defendant, James Cheape, pleaded guilty to these offenses. At trial Klinefelter and Johnson raised a defense of coercion or duress, asserting that Cheape had forced them at gunpoint to commit the robbery. In reaching its verdict, the jury rejected this defense.

Before the Court imposed sentence, Ms. Klinefelter objected to the Probation Officer's recommendation as to the application of Section 3B1.2 of the sentencing guidelines. Specifically, she averred that she was a minimal, rather than a minor, participant in the crime. After a review of the trial evidence, the Court concluded that defendant was a minimal participant. Accordingly, we reduced the offense level from 20 to 18, to reflect the reduction already made for minor participation and the added reduction for minimal participation. This reduction resulted in a lesser sentence.

On February 24, 1989 the Court sentenced Ms. Klinefelter to imprisonment for a term of twenty-seven months. At the time of sentencing, counsel for Ms. Klinefelter submitted that her case was an appropriate one for departing from the guidelines. He offered as a mitigating circumstance that she was not a willing participant in the crime, was not present when her co-defendants planned the robbery and was not in the bank during the robbery. He argued that rather than informing her co-defendants that the bank had been robbed previously with success (as had been alleged by Cheape), Ms. Klinefelter merely assented to such a statement. Counsel asserted that departure from the guidelines is justified in cases of coercion and duress and submitted that the guidelines have not properly addressed aiding and abetting as it occurred in this case.

At the sentencing hearing, the Court stated that Ms. Klinefelter was "properly convicted, ..; there is no question about that." For example, the jury could have found from the evidence at trial that Ms. Klinefelter told her co-defendants that she knew of people who had robbed the bank before and gotten away with it, and that she accepted proceeds from the robbery and spent them shortly afterwards. The evidence also supported a jury finding that although Ms. Klinefelter did not enter the bank during the robbery, she acquiesced to her co-defendant's instruction that she await them in her automobile even though it was parked out of sight of the bank and in close proximity to possible assistance.

Although the Court does not disagree with the jury's verdict, we stated at the time of sentencing that, were it in the Court's power to place the defendant on probation, we would have done so. The Court believes that Ms. Klinefelter had led an exemplary life as far as anyone could tell until she was adversely influenced by her co-defendants. We also opined that Congress or the Sentencing Commission should permit judges discretion to place a defendant on probation in cases such as this when the Court is of the opinion that a particular defendant will be so painfully impressed by trial and conviction that she will most likely be deterred from committing criminal acts in the future. Although the Court is sympathetic to attempts by Congress and the Sentencing Commission to introduce uniformity in sentencing, we expressed our belief that in some cases judges should be given more leeway to depart from the guidelines. To that effect, we invited counsel for defendant to submit a brief in support of departure below the minimum term of imprisonment under the guidelines.

*Reconsideration of Sentence*

■ We note that defendant has filed a timely appeal to the United States Court of Appeals for the Third Circuit, requesting review of the question of whether departure from the sentencing guidelines is precluded as a matter of fact or law. The first issue we must address regarding the Motion for Reconsideration is whether this Court retains jurisdiction to modify Ms. Klinefelter's sentence. It appears that we do not.

Rule 35 of the Federal Rules of Criminal Procedure governs motions for correction of sentences. Rule 35(a) permits the court to correct a sentence that is determined under 18 U.S.C. § 3742 to have been imposed in violation of law or to have been imposed as an incorrect application of the sentencing guidelines or to be unreasonable.

Under 18 U.S.C. § 3742 a defendant may appeal to the district court for a review of a final sentence if: 1) the sentence was

imposed in violation of law; 2) it was imposed as an incorrect application of the guidelines; 3) it was imposed for an offense for which a sentencing guideline has been issued and the sentence is greater than the sentence specified in the applicable guideline; or 4) it was imposed for an offense for which no guideline has been issued and is greater than the sentence specified in the plea agreement, if any.

The Comprehensive Crime Control Act of 1984 drastically revised the procedures for sentencing federal criminal defendants. Under Chapter II of the Act, the Sentencing Reform Act of 1984, the district court must impose sentences under the guidelines established by the United States Sentencing Commission. The Act confers on the courts of appeals jurisdiction to review, on several specific grounds, sentences imposed by the district court. *See* 18 U.S.C. § 3742. The Act also amended Fed.R. Crim.P. 35 to eliminate the district courts' discretion to reduce a defendant's sentence. Under the new Rule 35, the district court may correct illegal sentences only on remand from the courts of appeals or on motion of the government. *United States v. Dean*, 752 F.2d 535, 537 n. * (11th Cir. 1985).

The Act took effect on November 1, 1987 and applies to all crimes, such as those at issue here, that were committed on or after that date. Since the government opposes any reduction of sentence in this case, Ms. Klinefelter must await a decision by the United States Court of Appeals for the Third Circuit on her appeal of the sentence.

*Release Pending Appeal*

█ Ms. Klinefelter has also filed a Motion for Release Pending Appeal. Federal Rule of Appellate Procedure 9(b) states that "[a]pplication for release after a judgment of conviction shall be made in the first instance in the district court." Thus, we have jurisdiction to decide this particular motion.

Release pending appeal is governed by 18 U.S.C. § 3143(b). The statute reads in part:

(b) Release or detention pending appeal by the defendant.—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal … be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released

.     .     .     .     .

(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(A) reversal,

(B) an order for a new trial,

(C) a sentence that does not include a term of imprisonment, or

(D) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The government does not strenuously object to defendant's assertion that she is not likely to flee, that she poses no danger to the safety of other persons or the community or that her appeal is not for the purpose of delay. Rather, the government asserts that the appeal of Ms. Klinefelter's sentence raises no substantial question of law or fact likely to result in reversal. We must also consider whether an appeal would likely result in a reduced sentence or a sentence that does not include imprisonment.

Congress enacted the Bail Reform Act of 1984 because it wished to reverse the presumption in favor of bail pending appeal that had been established under the Bail Reform Act of 1966. However, Congress preserved the availability of bail under the limited circumstances enumerated in Section 3143(b). *United States v. Miller*, 753 F.2d 19, 22–23 (3d Cir.1985). Under the new Act a court must determine that the issue raised on appeal is a "substantial" one, that is, whether it raises a novel question, one which has not been decided by controlling precedent, or one that is fairly doubtful. *Id.* at 23.

Under the criteria established by the 1984 Act, the defendant carries the burden

of proving that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts for which imprisonment has been imposed. *Id.* at 24.

Ms. Klinefelter has not pointed us to any issues on which she bases her appeal other than the question of departure from the sentencing guidelines. Thus, for purposes of deciding this motion, we assume that the convictions for bank robbery and bank robbery with a dangerous weapon will stand. We must determine if the sentencing in this case raises a substantial question of law or fact likely to result in modification of the sentence within the terms of Section 3143(b).

Ms. Klinefelter apparently relies on a statement of this Court at sentencing that "if it were within my power to place her on probation," the Court would undertake to do so. Despite this Court's belief that Ms. Klinefelter would avoid criminal behavior in the future and become a better citizen because of this experience, we conclude and still believe that the Court lacks discretion to place Ms. Klinefelter on probation.

We note that Section 5B1.1(b) of the sentencing guidelines prohibits a sentence of probation for a Class B felony under 18 U.S.C. § 3561. Section 3559(a)(1)(B) of Title 18 defines a Class B felony as one for which a penalty of twenty years or more may be imposed. As amended by Section 7041 of the Anti–Drug Abuse Act of 1988, section 3559 increases the term of years for a Class B felony from twenty to twenty-five years.

After a fair trial, Ms. Klinefelter was convicted by a jury of a violation of 18 U.S.C. § 2113(d), a Class B felony carrying a penalty of twenty-five years imprisonment. We conclude that on appeal it is not likely that Ms. Klinefelter's sentence will be reversed and a term of probation imposed.

We must next consider whether on appeal it is likely that Ms. Klinefelter will receive a reduced sentence under Section 3143(b)(2)(D). Section 3553 of Title 18 addresses the application of the guidelines to

determine an appropriate sentence. The statute reads in part:

> (b) Application of guidelines in imposing a sentence.—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.

18 U.S.C. § 3553(b).

Section 3553(a)(4) refers to the kinds of sentence and the sentencing range established for certain offenses committed by the applicable category of defendant as set forth in the sentencing guidelines.

Section 5K2.0 of the sentencing guidelines includes a policy statement on the grounds for departure. Under Section 3553(b), the court may depart if an aggravating or mitigating circumstance exists. The Commission has stated that such circumstances "cannot, by their very nature, be comprehensively listed and analyzed in advance." The Commission has attempted to outline some of these circumstances in Sections 5K2.1–5K2.14. The policy statement includes the following language: "The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing."

Defendant has not pointed this Court to any aggravating or mitigating circumstance that was not considered by the Sentencing Commission or by this Court at the time of sentencing. Ms. Klinefelter had maintained a coercion defense at trial, and her attorney raised the issue again at sentencing. Although the policy statement addresses coercion and duress in Section 5K2.12, we note that the jury rejected this defense. We agree with the government

that a reduction in sentence based on this factor would have been inconsistent with the jury's verdict.

In addition, although the policy statement provides for a reduction in sentence for substantial assistance to the government in Section 5K1.1, at the sentencing the Assistant United States Attorney specifically refused to move for such reduction. He denied that Ms. Klinefelter had made a good faith effort to provide substantial assistance to the prosecution.

As we have already stated, at the time of sentencing the Court noted defendant's minimal participation in the crime and reduced the sentence to twenty-seven months to reflect our conclusion that Ms. Klinefelter was a minimal participant in the criminal activity.

We find that the Court has addressed each mitigating circumstance that the defendant raised at the sentencing hearing. Moreover, defendant has not pointed us to, nor briefed for us, any mitigating circumstance not already adequately taken into consideration by the Sentencing Commission in formulating the guidelines. We therefore conclude that on appeal Ms. Klinefelter's sentence will not likely be reduced according to the terms of Section 3143(b). Because we have no basis for granting a motion for release pending appeal, we will deny the motion.

AND NOW, to wit, this 11th day of April, 1989, it is ORDERED, ADJUDGED and DECREED that defendant's Motion for Reconsideration of Judgment of Sentence and Motion for Release Pending Appeal be and hereby are DENIED.