**UNITED STATES of America, Appellee,**

v.

**James Hughes CHEAPE, John Wade Johnson, Karen Klinefelter.**

**Appeal of Karen KLINEFELTER.**

**No. 89–3207.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 12(6)
Oct. 16, 1989.

Decided Nov. 14, 1989.

Charles D. Sheehy, Acting U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., for appellee.

Lee G. Nollau, Jubelirer, Nollau, Young & Blanarik, State College, Pa., for appellant.

Before BECKER, COWEN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Section 5K2.12 of the Sentencing Guidelines provides that the sentencing court may depart below the applicable guideline range if the defendant committed the of-

fense because of serious coercion or duress, under circumstances not amounting to a complete defense. In this case, defendant Karen Klinefelter was convicted by a jury in the district court for the Western District of Pennsylvania of bank robbery, 709 F.Supp. 653 (1989), see 18 U.S.C. § 2113(a), and bank robbery by use of a dangerous weapon, see id. § 2113(d), despite her defense that she participated in the offense because of coercion and duress imposed by her codefendants, Johnny Wade Johnson and James Cheape.[1] At sentencing, the district court expressed its belief that a sentence within the guideline range was unjust under the circumstances. However, the court declined to depart below the range on the ground that to do so would be inconsistent with the jury verdict. Klinefelter appeals from that determination. Concluding that the district court misapprehended its authority, we vacate and remand for resentencing.[2]

### I.

The bank robbery took place in a rural area of central Pennsylvania. It was planned and executed by Cheape and Johnson. However, Klinefelter's car was used, and she was in the back seat of the car during the robbery, in a parking lot out of sight of the bank. Klinefelter introduced evidence at trial that Cheape had put a gun to her head at one point, and that she was unduly influenced by Johnson, with whom she apparently had a relationship for three years. The district court charged on the issues of coercion and duress. Because the jury found Klinefelter guilty, it obviously concluded that the government had proven beyond a reasonable doubt that Klinefelter's actions were wilful, and not the product of coercion or duress (as defined in the jury charge).[3]

---

**1.** Although it was Johnson and Cheape who actually robbed the bank, Klinefelter aided and abetted them, and was therefore punished for their offenses. See 18 U.S.C. § 2.

**2.** Klinefelter's appeal also raises the question whether the prosecutor's improper comments at trial require a new trial. We find this contention to be without merit.

**3.** In addition to providing the jury with a definition of coercion, see infra at 480, the district court set forth the relevant burden of proof as follows:

Unless the government has established beyond a reasonable doubt that the defendants at the time and place of the crime alleged in the indictment acted wilfully and voluntarily and not as a result of coercion or compulsion,

At sentencing, the district court calculated the guideline range at 27 to 33 months,[4] and sentenced Klinefelter to a term of 27 months. Klinefelter argued that the mitigating circumstances of coercion and duress justified a downward departure from the Sentencing Guidelines, notwithstanding the jury verdict. The district court obviously wished to depart from the guidelines, but believed that it was precluded from doing so. The district court's beliefs are clear from at least three documents. First, the transcript of the sentencing hearing contains the following observations:

> I feel the Court has no choice. Personally I believe Ms. Klinefelter was taken advantage of by her co-defendants, although I must disagree with the position that she was coerced or forced into this situation. She was in the backseat of the car in a parking lot down the road from the bank and not even in sight of the bank during the robbery. She was properly convicted however. There is no question about that.
>
> Except for this instance she has led an exemplary life so far as anyone can tell. I have no doubt at all if it were within my power to place her on probation, she would never be in difficulty again and would be a better citizen because of this experience. This case cries out for justice to be tempered with mercy.
>
> While I am generally sympathetic with the efforts of Congress and the Sentencing Commission to achieve some sort of uniformity in sentencing, I believe the Court should not have its hands com-

pletely tied in a situation like this. I realize that strict stance [sic] on law-and-order issues are universally popular these days. I hope either the Congress or the Sentencing Commission or both will consider giving judges a bit more leeway in cases such as that of Karen Klinefelter.

App. at 95–96.

Second, appended to the district court's statement of reasons for imposing sentence is a personal letter echoing the sentiments expressed above.

Finally, the court's April 11 memorandum mentions not only the court's desire to depart in Ms. Klinefelter's case, but also the reasons why it felt precluded from doing so.[5] At page 7 of its memorandum, the court stated:

> Defendant has not pointed this Court to any aggravating or mitigating circumstance that was not considered by the Sentencing Commission or by this Court at the time of sentencing. Ms. Klinefelter had maintained a coercion defense at trial, and her attorney raised the issue again at sentencing. Although the policy statement addresses coercion and duress in Section 5K2.12, we note that the jury rejected this defense. We agree with the government that a reduction in sentence based on this factor would have been inconsistent with the jury's verdict.

## II.

Section 5K2.12 of the Guidelines provides as follows:

---

as I have just explained, then it is your duty to find the defendant, one of the defendants or both of them, not guilty.
Supp.App. at 44.

**4.** At the time of Klinefelter's sentencing, section 2B3.1(a) provided a base offense level of 18 for offenses under 18 U.S.C. § 2113(d). Klinefelter's specific offense characteristics resulted in the following adjustments: (1) an increase of one level based on the amount of money stolen ($3,205.00); (2) an increase of three levels because a dangerous weapon was involved; and (3) a decrease of four levels because her role in the offense was "minimal." These resulted in an offense level of 18. Combined with a Category I criminal history, this offense level produced a sentencing guideline range of 27–33 months.

**5.** Klinefelter had urged the court to consider a downward departure at the sentencing hearing. The court refused to depart when it imposed sentence, but invited Klinefelter to file and brief a motion for reconsideration of sentence. When Klinefelter did so, however, the district court concluded that it was without authority to entertain the Motion to Reconsider Sentence because the Sentencing Reform Act had eliminated the district courts' discretion to reduce sentences under Fed.R.Crim.P. 35. Nevertheless, in the course of responding to the Motion for Release Pending Appeal, the court commented at length about the chances of Klinefelter's sentence being reduced on appeal. In doing so, the court revealed its thinking on the departure issue.

If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. The Commission considered the relevance of economic hardship and determined that personal financial difficulties and economic pressures upon a trade or business do not warrant a decrease in sentence.

The government contends that the district court correctly concluded that the mitigating factor of coercion is not available to Klinefelter because the jury rejected this defense. In effect, the government argues that it would be impossible for Klinefelter to prove by a preponderance of the evidence [6] that her actions were the result of coercion, when the jury had already found beyond a reasonable doubt that her actions had not been coerced. Although this argument seems compelling at first blush, it fails to consider two salient features of section 5K2.12.

First, section 5K2.12 makes it clear that the Commission intended to provide for a downward departure in some situations where the evidence of coercion does not amount to a complete defense. Indeed, in situations where the coercion *does* amount to a complete defense, the defendant would be acquitted. If section 5K2.12 is to be accorded meaningful status, as the Sentencing Commission obviously intended, we must read it as providing a broader standard of coercion as a sentencing factor than coercion as required to prove a complete defense at trial. Our obligation to construe statutes in this manner is well-settled. *See* 2A N. Singer, *Sutherland Statutory Construction* § 46.06 (1984) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant. . . ." (footnote omitted)).

Second, a comparison of the jury charge, which reflects the applicable substantive law,[7] with the language of the sentencing guidelines reveals a fundamental difference in the definitions of coercion applied in these respective contexts. To serve as a defense to the criminal charge itself, the coercion must be "present and immediate and of such a nature that induces a well-founded fear of impending death or serious bodily injury. There must be no reasonable opportunity to escape the compulsion without committing the crime or participating in the commission of the crime." Supp. App. at 44. It is clear from the text of section 5K2.12, *see supra* at 479–80, that the Commission did not require proof of immediacy or inability to escape; nor did it limit the feared injury to bodily injury.[8]

Consequently, the court was legally incorrect in ruling that the jury's verdict with regard to coercion as a defense precluded the court from considering coercion as a mitigating factor. Although it is not obliged to do so, the district court has the power to depart if Klinefelter proves coercion or duress by a preponderance of the

---

6. *See United States v. McDowell,* 888 F.2d 285 (3d Cir.1989) ("[A] defendant's rights in sentencing are met by a preponderance of evidence standard."); *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (upholding the constitutionality of the preponderance standard at sentencing). Because aggravating factors may be considered when proven by a mere preponderance, we have no doubt that a similar rule obtains for mitigating factors as well.

7. *See generally* 4 C. Torcia, *Wharton's Criminal Procedure* § 535 (1976).

8. As stated above, we find the language of the guideline to be unambiguous. However, even if a court were to find the language unclear, the rule of lenity would compel the same result. *See, e.g., United States v. Capano,* 786 F.2d 122, 128 (3d Cir.1986).

evidence.[9] We note, however, that the district court's departure power is not unlimited in this case. Because Klinefelter was convicted of a Class B felony, some term of imprisonment must be imposed. *See* 18 U.S.C. § 3561.

The judgment of sentence will be vacated and the case remanded for resentencing.

---

**9.** One of the district court's comments is opaque:

Personally I believe Ms. Klinefelter was taken advantage of by her co-defendants, although I must disagree with the position that she was coerced or forced into this situation.

App. at 95. It is not clear whether the court intended to reject coercion or duress as a mitigating factor or simply to state that the coercion and duress visited upon Klinefelter did not absolve her of criminal responsibility.