**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Scott E. ELLIOTT, Defendant–Appellant.**

**No. 92–3025.**

United States Court of Appeals, Tenth Circuit.

Aug. 3, 1992.

David J. Phillips, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender, with him on the brief), Kansas City, Kan., for defendant-appellant.

Tanya J. Treadway, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with her on the brief), Kansas City, Kan., for plaintiff-appellee.

Before LOGAN, TACHA and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

■ Defendant Scott E. Elliott appeals the sentence imposed upon him after his guilty plea to willfully misapplying moneys, funds or credits of an FDIC-insured bank, in violation of 18 U.S.C. § 656. The only issue on appeal is whether the court correctly determined that it had to sentence defendant to some term of imprisonment for the offense.

■ The offense of conviction was a continuing offense ending on December 26, 1990. Under legislation effective November 29, 1990, the penalty for violation of § 656 was increased to a maximum term of imprisonment of thirty years. *See* Crime Control Act of 1990, Pub.L. No. 101–647, § 2504(b), 104 Stat. 4789, 4861. This made the crime a Class B felony for sentencing purposes, *see* 18 U.S.C. § 3559(a)(2), and individual Class B felons may not be sentenced to a term of probation. *Id.* § 3561(a)(1); *see also* U.S.S.G. § 5B1.1(b)(1). Under the sentencing guidelines, defendant's total offense level was six and his criminal history category was I, resulting in a guideline range of zero to six months imprisonment. The court believed that the above cited provisions required it to give some period of incarceration. It ordered incarceration for thirty days in a halfway house facility and a three-year period of supervised release.

Defendant argues that zero months imprisonment is not probation; therefore the statutory prohibition of probation for Class B felons would not prohibit a term of zero months imprisonment. The guidelines do recognize a distinction between probation and a sentence of zero months imprisonment, stating:

> Subsection 5C1.1(b) provides that where the minimum term of imprisonment specified in the guideline range from the Sentencing Table is zero months, the court is not required to impose a sentence of imprisonment unless a sentence of imprisonment or its equivalent is specifically required by the guideline applicable to the offense. Where imprisonment is not required, the court *may, for example,* impose a sentence of probation. In some cases, a fine appropriately may be imposed as the sole sanction.

U.S.S.G. § 5C1.1, comment. (n. 2) (emphasis added); *accord id.* § 5B1.1, comment. (n. 1) ("[T]he guidelines authorize, but do not require, a sentence of probation ... *Where the minimum term of imprisonment specified in the guideline range from the Sentencing Table is zero months.*"). Also, probation under the guidelines requires certain conditions be placed upon an individual. *See id.* § 5B1.2(a)(1) ("When probation is imposed, the term shall be: (1) at least one year ... if the offense level is 6 or greater...."); *id.* § 5B1.3(a) (condition that defendant not commit any crimes); *id.* § 5B1.3(c) (if probation is imposed for a felony, other minimum conditions apply). A sentence of zero months imprisonment does not itself require imposition of these conditions. Thus, a sentence of zero months imprisonment is not literally a sentence of probation. *But cf. United States v. Thomas,* 930 F.2d 526, 528 (7th Cir.) ("there is little substantive difference between a sentence of probation and a very short period of confinement"), *cert. denied,* —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991). We conclude that a sentence of zero months does not literally violate the prohibition on probation in 18 U.S.C. § 3561(a)(1).

Some courts reading § 3561(a)(1) in factual contexts different from the instant case have found congressional intent to require some term of imprisonment for Class A and Class B felons. *See Thomas,* 930 F.2d at 528 (recognizing "the one-day minimum term of imprisonment implicit in the general probation ban of § 3561");

*United States v. Cheape,* 889 F.2d 477, 481 (3d Cir.1989) (noting that § 3561 requires some term of imprisonment for those convicted of Class B felonies); *cf. United States v. Daiagi,* 892 F.2d 31, 33 (4th Cir. 1989) (treating § 3561's probation ban as a mandatory minimum sentence in the context of an 18 U.S.C. § 3553(e) motion). We need not decide this issue, however, because we find controlling the more specific language of 18 U.S.C. § 656, under which defendant was convicted.

Section 656 does not require imprisonment. It gives a court the option of imposing a fine *or* imprisonment or both.[1] If we were to read § 3561(a)(1), a general statutory provision applying to all Class A and Class B felony offenses, as requiring imprisonment, we would create a conflict with § 656, which clearly grants the option of no imprisonment. In such cases, the more specific statutory provision is controlling. *E.g., Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 493 U.S. 365, 375, 110 S.Ct. 680, 687, 107 L.Ed.2d 782 (1990) ("It is an elementary tenet of statutory construction that '[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one....' " (quoting *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974)); *United States v. O'Driscoll,* 761 F.2d 589, 598 (10th Cir. 1985) (special act defining range of penalty for kidnapping controlled over general act relating to parole eligibility), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *Glover Constr. Co. v. Andrus,* 591 F.2d 554, 561 (10th Cir.1979) (special act controlling over general act), *aff'd* 446 U.S. 608, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980). We therefore must conclude that the statutes do not require a term of imprisonment for violations of § 656. We must then consider whether the sentencing guidelines require imprisonment. Under the guidelines, defendant had a sentencing range of zero to six months and pursuant to U.S.S.G. § 5C1.1(b) was not required to receive imprisonment.

The district court clearly believed it was required by statute to impose some sentence of imprisonment. II Supp.R. 8. Of course, we do not imply that defendant should have received a sentence of no imprisonment or a different sentence than the court gave him; that is a matter for the district court's sentencing discretion. The district court should be allowed to exercise its sentencing discretion to the fullest extent permitted by law, and therefore, we VACATE defendant's sentence and REMAND for resentencing.

---

1. The statute provides that a defendant violating § 656 "shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." 18 U.S.C. § 656.