**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 95-5896

REBECCA GREENE,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 95-5901

TAMMY DUDLESON,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-95-84, CR-95-85)

Submitted: June 18, 1996

Decided: August 2, 1996

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William S. Winfrey, II, Princeton, West Virginia; Hunt L. Charach,
Federal Public Defender, C. Cooper Fulton, Assistant Federal Public

Defender, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Margaret A. Hickey, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rebecca Greene and Tammy Dudleson were convicted of embezzlement in violation of 18 U.S.C.A. § 656 (West Supp. 1996). The district court sentenced them to a two-day period of confinement in a community confinement center, followed by a three-year term of supervised release. Greene and Dudleson appeal, claiming that the district court erred in determining that it was unable to order a sentence of no imprisonment. For the following reasons, we affirm.

After Greene and Dudleson were indicted, they both entered plea agreements and pleaded guilty. Their sentencing guideline range was properly calculated to be 0-6 months. At sentencing, the Defendants asked the district court not to impose a term of imprisonment. The district court agreed that both Defendants would be good candidates for probation. The court determined, however, that since Greene and Dudleson were convicted of a Class B felony,* 18 U.S.C.A. § 3561(a)(1) (West Supp. 1996), which prohibits probation for persons convicted of Class B felonies, precluded such a sentence.

Under 18 U.S.C.A. § 3561(a)(1), an individual convicted of a Class B felony may not be sentenced to a term of probation. This court has

_____

*Because 18 U.S.C.A. § 656 has a maximum penalty of 30 years imprisonment, it is classified as a Class B felony. See 18 U.S.C.A. § 3559(a)(2) (West Supp. 1996) (offense is classified as Class B felony if maximum penalty is 25 years or more).

2

reasoned that there is no logical distinction between a mandatory minimum sentence and this prohibition against probation. United States v. Daiagi, 892 F.2d 31, 33 (4th Cir. 1989). Under 18 U.S.C.A. § 3553(e) (West Supp. 1996), a sentencing court may impose a sentence below a mandatory minimum only for substantial assistance on the motion of the government. Applying this rule to the ban against probation, this court held in Daiagi that:

> the ban on probation in sentencing Class A and Class B cases is maintained save in the rare case where the assistance of the defendant has been sufficiently substantial that the Government determines to move the sentencing court to impose a sentence below the statute's minimum or without the prohibition on a probationary sentence.

Daiagi, 892 F.2d at 33 (emphasis supplied). The Defendants correctly point out that the United States Court of Appeals for the Tenth Circuit, in addressing a case identical to theirs, found that a sentence of zero months imprisonment was permissible despite the prohibitions contained in 18 U.S.C.A. § 3561(a)(1). See United States v. Elliott, 971 F.2d 620 (10th Cir. 1992) (sentence of no imprisonment permissible because such a sentence is not probation and embezzlement statute, 18 U.S.C.A. 656, does not require imprisonment). We find, however, that this court's prior holding in Daiagi is controlling. We discern no logical distinction between a sentence of probation and of 0 months imprisonment followed by a term of supervised release. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3