**UNITED STATES of America,**
**Appellee,**

v.

**Timothy LAHEY, also known**
**as Raymond Carpenter,**
**Defendant–Appellant.**

**Docket No. 98–1011**

United States Court of Appeals,
Second Circuit.

Argued Jan. 21, 1999.

Decided Aug. 3, 1999.

Steven Statsinger, The Legal Aid Society, New York, NY, for Defendant–Appellant.

Robert C. Juman and Craig A. Stewart, Assistant United States Attorneys (Mary Jo White, United States Attorney, Southern District of New York), New York, NY, for Appellee.

Before: LEVAL and POOLER, Circuit Judges, and CURTIN, District Judge.*

CURTIN, District Judge:

Timothy Lahey appeals from a judgment of conviction entered on December 29, 1997, in the United States District Court for the Southern District of New York, following his plea of guilty for bank fraud before the Honorable Charles L. Brieant, United States District Judge. Judge Brieant imposed a sentence of one month of imprisonment, to be followed by three years of supervised release, the first five months of which were to be served in home detention. Judge Brieant also ordered Lahey to make restitution to the banks victimized by his fraud in the amount of $35,362.70 and imposed the mandatory special assessment of $100.00. Judge Brieant stayed execution of the sentence pending appeal.

Appellant claims that this case should be remanded for resentencing because the record makes clear that Judge Brieant would not have sentenced him to one month's imprisonment if the Judge had known that he had the authority not to.

Finding that the district court mistakenly believed that one month of imprisonment was required, we remand to allow the district court to reconsider the sentence.

## BACKGROUND

In September 1996, Lahey falsely represented himself as "Raymond Carpenter" and opened two bank accounts in that name. On September 13, 1996, Lahey opened a checking account in the name "Raymond Carpenter" at the Bank of New York in Middletown, New York. On September 24, 1996, Lahey opened another such account at the Key Bank in Bloominburg, New York. Over the next several months, Lahey negotiated nearly $39,000 in counterfeit U.S. Savings Bonds through these accounts. By the time that Lahey's fraud was discovered and the two accounts were frozen, Lahey had withdrawn all of the $20,264.80 presented in the form of counterfeit savings bonds to the Key Bank account and all but $3,611.26 of the $18,709.00 in counterfeit savings bonds presented at the Bank of New York.

On September 24, 1997, Lahey pleaded guilty to a charge of bank fraud, in violation of 18 U.S.C. § 1344, a Class B felony.

Although defense counsel did not make an express motion for downward departure, he suggested to the judge that "an honest way to address the situation ... would be simply to depart from the requirement of § 5C1.1(c)(2), which imposes that one-month minimum. That's a guideline requirement. It is not a statutory requirement." Sentencing Transcript at 10, United States v. Lahey, No. 97 CR 968 (S.D.N.Y. Dec. 29, 1997), reprinted in Joint Appendix ("J.A.") at 42. Judge Brieant said in response that "a sentence involving only home confinement would be an appropriate sentence," J.A. at 44, but that "[t]he Court finds itself constrained by ... the statute ... [to] sentence defendant to at least one month in custody," J.A. at 45. The judge added, "[I]f permitted by law, I would give him six months home detention." J.A. at 46. As noted above, the court sentenced defendant to a month of imprisonment, followed by a period of supervised release, including five months of home detention.

## DISCUSSION

■ Lahey argues that this case should be remanded for resentencing because nei-

---

* The Honorable John T. Curtin, Senior United States District Judge for the Western District of New York, sitting by designation.

ther the statute of conviction, 18 U.S.C. § 1344, nor the "B–Felony rule," 18 U.S.C. § 3561, required that Judge Brieant send Lahey to prison at all, and the record makes clear that Judge Brieant would not have sentenced Lahey to one month's imprisonment if he had known that he had the authority not to. In response, the government contends that the district court's sentence was proper because it comported with the United States Sentencing Guidelines ("U.S.S.G."). That is, the government argues that because Lahey pleaded guilty to a Class B–Felony, he was not eligible for probation, and thus the district court was required to choose either a sentence of six months of imprisonment, *see* U.S.S.G. § 5C1.1(c)(1), or a split sentence substituting community confinement or home detention for imprisonment, but requiring a minimum of one month's imprisonment, *see* U.S.S.G. § 5C1.1(c)(2).

It is clear from the record of appellant's sentencing hearing that Judge Brieant sentenced the appellant to imprisonment only because he believed himself constrained to do so. Three different times during the sentencing hearing, Judge Brieant specifically stated: (1) "I would sentence him to home confinement, but I can't, and I will stay his sentence and let you thrash it out with the Second Circuit." J.A. at 37–38; (2) "a sentence involving only home confinement would be an appropriate sentence [but][t]he court finds itself constrained ... so that the Court must sentence defendant to at least one month in custody" J.A. at 44–45; and (3) "The record should be quite clear that for the reasons set forth on the record here today and in the December 24th letter, if permitted by law, I would give him six months home detention." J.A. at 46.

The question before us is whether the district court's refusal to downwardly depart was based on a mistaken conception of authority under the Guidelines. *See United States v. Sharpsteen,* 913 F.2d 59, 63 (2d Cir.1990). The reason for the confusion appears to be the interplay of the statutes at issue and § 5C1.1(c) of the Federal Sentencing Guidelines. Title 18 U.S.C. § 1344, "Bank fraud," the statute which appellant pleaded guilty to, provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall not be fined more than $1,000,000 or imprisoned not more than 30 years, or both.

Lahey correctly argues that this specific statute does not require a minimum term of imprisonment, but rather only sets a maximum term. Because it provides for punishments by a fine, or imprisonment, or both, the statute requires no imprisonment.

Another relevant statute, 18 U.S.C. § 3561, provides:

> (a) In general.—A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—(1) the offense is a Class A or Class B felony and the defendant is an individual; (2) the offense is an offense for which probation has been expressly precluded; or (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

Again, nothing in the statute requires a minimum term of imprisonment. See *United States v. Elliott,* 971 F.2d 620, 621 (10th Cir.1992) ("[A] sentence of zero months does not literally violate the prohibition on probation in 18 U.S.C. § 3561(a)(1).").

The United States Sentencing Guidelines, on the other hand, do direct imprisonment. The relevant provision of the Guidelines, § 5C.1.1(c), provides for the following three sentencing options for defendants such as Lahey whose total of-

fense level places them in Zone B: (1) imprisonment; (2) a sentence of imprisonment coupled with supervised release, with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that substitutes intermittent confinement, community confinement, or home detention for imprisonment. *See* U.S.S.G. § 5C1.1.(c). Since, as noted *supra*, 18 U.S.C. § 3561 precludes the imposition of probation, only options (1) and (2) were available to Judge Brieant in this case. Hence, a sentence including at least one month's imprisonment was directed by the relevant guidelines.

However, this "constraint" was imposed by the Guidelines, not by statute. If not for § 5C1.1(c) of Guidelines, neither the sentencing provision of the bank fraud statute nor the B–Felony rule would have precluded a sentence including no jail term, which Judge Brieant suggested he would have liked to have imposed. It is well-settled that a judge is free to depart from the Guideline requirements if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b); *Koon v. United States,* 518 U.S. 81, 94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Merritt,* 988 F.2d 1298, 1306–08 (2d Cir. 1993).

█ Based upon the transcript of the sentencing hearing, it is not clear that Judge Brieant realized that he had the authority to depart downwardly. His comments on the record suggest that he would have downwardly departed if he could have. *See* J.A. at 46. He stated that the letter from appellant's counsel dated December 24, 1997, which describes Lahey's unusual family circumstances and responsibilities, justified a downward departure and that he would have sentenced Lahey to home confinement instead of imprisonment. *See* J.A. at 44, 46.

In light of the foregoing—the fact that 18 U.S.C. § 1344 does not require imprisonment and that Judge Brieant's comments seemed to indicate that he would have downwardly departed if he could have—we believe that the best course is to remand this case to the district court for reconsideration of the sentence. The only issue on remand is whether the district court recognized in imposing its sentence that it had the discretion to make a downward departure under the Guidelines. If it did and refused to do so, then the sentence should stand as imposed. On the other hand, if the district court did not realize that it had such discretion, appellant should then be resentenced in accordance with the court's proper recognition of the extent of its authority.

## CONCLUSION

Accordingly, this case is remanded to permit the district court to reconsider the sentence.