**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4988**

UNITED STATES OF AMERICA,

            Plaintiff – Appellant,

      v.

JOHN S. ANDERSON,

            Defendant – Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, Chief District Judge.   (2:07-cr-00047-REM-1)

Submitted:  March 18, 2009          Decided:  April 23, 2009

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellant.   Thomas G. Dyer, DYER LAW FIRM, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John S. Anderson pled guilty pursuant to a plea agreement to manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (2006), and was sentenced to a five-year probationary sentence. The Government appealed, asserting that although Anderson met the requirements for application of the safety-valve under 18 U.S.C. § 3553(f) (2006) and, accordingly, the district court was justified in sentencing him below the five-year statutory mandatory minimum, the district court lacked authority to impose a probationary sentence under 18 U.S.C. § 3561(a)(1) (2006). We hold that the district court was prohibited from sentencing Anderson to a probationary sentence.

Section 841(b)(1)(B) carries a maximum penalty of forty years in prison and is classified as a Class B felony. See 18 U.S.C. § 3559(a)(2) (2006) (classifying an offense with a twenty-five year or more maximum penalty as a Class B felony). Under the plain language of 18 U.S.C. § 3561(a)(1), an individual convicted of a Class B felony may not be sentenced to a term of probation. 18 U.S.C. § 3561(a)(1) (2006) ("A defendant who has been found guilty of an offense may be sentenced to a term of probation unless . . . the offense is a Class A or Class B felony and the defendant is an individual.").

Moreover, § 841(b)(1)(B) explicitly states that "[n]otwithstanding any other provision of law," a district court shall not place on probation any person sentenced under that subparagraph. See 21 U.S.C. § 841(b)(1)(B). Accordingly, even though the district court was justified in sentencing Anderson below the statutory five-year mandatory minimum based on his safety-valve qualification, § 841(b)(1)(B)'s proscription against probation acted as a floor to any possible sentence. See United States v. Dickerson, 381 F.3d 251, 258-60 (3d Cir. 2004) (holding that probationary sentences are barred where a defendant is convicted of a Class B felony notwithstanding eligibility for the safety valve); United States v. Green, 105 F.3d 1321, 1323-24 (9th Cir. 1997) ("We therefore hold that the safety valve permits the court to disregard the mandatory 10-year term of imprisonment contained in § 841, but that probation is prohibited as a sentencing option under the remaining provisions of § 841 and by the Guidelines themselves.").

Despite the foregoing, Anderson asserts that § 3553(f) trumps the statutory prohibition on probationary sentences under § 841(b)(1)(B). In support of this argument, Anderson relies on this court's holding in United States v. Daiagi, 892 F.2d 31 (4th Cir. 1989). In Daiagi, this court held that a probationary sentence for a Class B felony (i.e., a 21 U.S.C. § 846

3

conviction) is authorized upon the Government's substantial assistance motion under 18 U.S.C. § 3553(e) (2006). Id. at 33.

Daiagi is distinguishable because the court limited its holding to situations where the Government has made a substantial assistance motion. Daiagi, 892 F.2d at 33. Because the Government did not make a substantial assistance motion in this case but actually opposed the imposition of a probationary sentence, Daiagi's narrow exception to § 3561(a)(1) is inapplicable. Moreover, because the version of § 846 at issue in Daiagi did not explicitly incorporate § 841(b)(1)(B)'s penalties as its own, there was no additional proscription against probation for such an offense.

Based on the foregoing, we affirm Anderson's conviction but vacate and remand the matter for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4