**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4641

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANGELA GRIFFIN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00346-BO-3)

Submitted:  September 15, 2022                   Decided:  September 23, 2022

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela Griffin pled guilty, pursuant to a written plea agreement, to bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1344, and the district court imposed a sentence of 12 months' imprisonment.  On appeal, Griffin raises an ineffective assistance of counsel claim, arguing that counsel misadvised her that probation was the most likely outcome in her case.  Griffin also asserts that her guilty plea was involuntary because, she argues, the district court was required, under Fed. R. Crim. P. 11(b)(1)(I), to advise her that a probationary sentence was prohibited under 18 U.S.C. § 3561(a)(1).  Finally, Griffin claims that the district court did not announce a nonmandatory condition of supervised release at sentencing, as required by *United States v. Rogers*,[1] and that the court failed to explain why it was imposing the nonmandatory conditions and did not consider her sentencing arguments.  The Government responds that Griffin's challenges fail on the merits and that her non-*Rogers* sentencing claims are barred by the appellate waiver in Griffin's plea agreement.  We affirm in part and dismiss in part.

First, claims of ineffective assistance of counsel generally are not cognizable on direct appeal.  *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).  We review de novo ineffective assistance of counsel claims brought on direct appeal and will only grant relief if ineffective assistance conclusively appears on the record.  *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc).  "To establish an ineffective assistance of counsel claim, a defendant must show (1) that counsel's performance was not

---

[1] 961 F.3d 291, 296-99 (4th Cir. 2020).

2

objectively reasonable and (2) that counsel's deficient performance prejudiced [her]." *Id.* We have reviewed the record with these standards in mind and conclude that ineffective assistance does not appear on the face of the present record. Thus, Griffin's claim is not cognizable on direct appeal.

Next, Griffin challenges the voluntariness of her guilty plea. Because Griffin did not seek to withdraw her guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). To demonstrate that an error was plain, Griffin must be able to show that "'the settled law of the Supreme Court or this circuit establishes that an error has occurred' or [that] other circuits are unanimous on the point." *United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017) (quoting *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013)).

A district court must advise a defendant if the offense of conviction carries a mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(I). Griffin was convicted of bank fraud under 18 U.S.C. § 1344, which does not have a statutory mandatory minimum sentence. *See* 18 U.S.C. § 1344 (requiring a fine of no more than $1,000,000, imprisonment of no more than 30 years, or both). And because bank fraud is a Class B felony, *see* 18 U.S.C. § 3559(a)(2), Griffin was ineligible for a sentence of probation under 18 U.S.C. § 3561(a)(1).

3

Griffin asserts that her guilty plea was involuntary because the court did not advise her that she was ineligible for probation, which she contends effectively results in a mandatory minimum "active sentence of imprisonment." Opening Br. at 15. She relies on *United States v. Daiagi*, 892 F.2d 31, 33 (4th Cir. 1989), wherein we concluded that, for the purposes of a motion by the government based on a defendant's substantial assistance, a district court has authority to impose a sentence below the mandatory minimum or to impose probation when it would otherwise be prohibited by § 3561(a)(1). However, there was no substantial assistance motion in Griffin's case, and *Daiagi* says nothing about the court's obligation under Rule 11 to explain that a probationary sentence is not allowed. *Cf. United States v. Anderson*, 325 F. App'x 265, 266 (4th Cir. 2009) (per curiam) ("*Daiagi* is distinguishable because the court limited its holding to situations where the Government has made a substantial assistance motion."). Moreover, the only circuit to have directly addressed the relationship between Rule 11 and § 3561(a)(1) has rejected Griffin's argument.[2] Therefore, any error is not plain, and we will not disturb Griffin's plea on this basis.

---

[2] *See United States v. Ladue*, 866 F.3d 978, 981 (8th Cir. 2017) (rejecting defendant's "contention that ineligibility for probation is a mandatory minimum penalty within the meaning of Rule 11(b)(1)(I)" (internal quotation marks omitted)). Similarly, the Tenth Circuit has held that where, as here, the statute of conviction does not require imprisonment because it provides a fine as an alternative, the more general prohibition on probation in § 3561(a)(1) cannot be read to require imprisonment. *United States v. Elliott*, 971 F.2d 620, 622 (10th Cir. 1992); *see* 18 U.S.C. § 1344 (requiring a fine *or* imprisonment, "or both"). While we have previously rejected that argument in unpublished authority, *see United States v. Greene*, 92 F.3d 1183 (4th Cir. 1996) (per curiam) (unpublished table decision), the inescapable fact remains that Griffin was *not* subject to a (Continued)

4

Finally, our review of the record reveals that the district court announced the nonmandatory condition requiring Griffin to support her dependents at sentencing, defeating her *Rogers* claim.  Griffin's remaining challenges to her sentence are barred by the valid appellate waiver in her plea agreement.  *See United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014) (providing standard).  We therefore dismiss Griffin's appeal as to all issues within the scope of her valid appellate waiver and affirm the remainder of the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

mandatory minimum term of imprisonment—as she claims—because the district court could have opted solely to fine her under her statute of conviction.