UNITED STATES of America, Plaintiff–Appellee,

v.

Scott Robert DAIAGI, Defendant–Appellant.

No. 88–5161.

United States Court of Appeals, Fourth Circuit.

Argued July 26, 1989.

Decided Dec. 15, 1989.

---

Price O. Gielen (Bruce L. Mann, Baltimore, Md., on brief), for defendant-appellant.

James G. Warwick (Breckinridge L. Willcox, U.S. Atty., Stephen L. Purcell, Asst. U.S. Atty., Richmond, Cal., on brief), for plaintiff-appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The defendant-appellant (hereafter "defendant") pled guilty to a conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846. The conspiracy began in June 1987 and continued until defendant's arrest in Baltimore, Maryland on December 20, 1987, in possession of 500 grams of cocaine. After his plea, a presentence investigation report was prepared and filed with the district court. The defendant filed two objections to the report. The first raised the constitutionality of the Guidelines for Sentencing established pursuant to the Sentencing Reform Act of 1984. That contention was concluded adversely to the defendant by the Supreme Court's decision in *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), a decision we followed in *United States v. Bolding*, 876 F.2d 21 (4th Cir.1989). His other objection was directed at the report's assumption that a probationary sentence was prohibited by Section 3561(a)(1). It was his contention that his "cooperation, age, character, and background ... strongly argue that a probationary sentence is appropriate in this case," and that under Section 3553(e) and the circumstances of his case he was entitled to a probationary sentence. This objection was denied by the district court. At the subsequent sentencing hearing, defendant's counsel offered evidence of defendant's cooperation with law enforcement officers; he submitted letters testifying to defendant's character and background; and he also presented a report by a clinical psychologist that the defendant had a per-

sonality condition which required "a remedial environment where he can be tutored academically." Defendant's counsel argued particularly that defendant's age should be considered in mitigation. The district judge concluded that, under the Guidelines, age "is not a [sentencing] factor unless the person is so old that it would kill him to go to jail." [1] He also held that a probationary sentence in a Class A or Class B felony case was prohibited by 18 U.S.C. § 3561(a)(1). He then sentenced the defendant to 24 months' imprisonment, to be followed by a three-year term of supervised release.

The defendant has appealed the sentence under 18 U.S.C. § 3742(a)(1) and (2). He contends the district judge erred in ruling that he lacked the power to impose, in an appropriate case, a probationary sentence, in failing to consider age in sentencing, and in calculating the sentencing range under the Guidelines by including the amount of cocaine involved in the possession and distribution of cocaine occurring before the effective date of the Guidelines. We affirm in part but remand one issue to the district court for further explication.

We first address the defendant's contention that the sentencing court possessed the authority to impose probation as a sentence in this case. The issue is whether 18 U.S.C. § 3561(a)(1), enacted as a part of the Sentencing Reform Act of 1984, is limited in part by Section 3553(e), enacted as a part of the Comprehensive Crime Control Act of 1984, almost two years later. Section 3553(e) was intended by Congress to provide an incentive to defendants to furnish assistance to law enforcement officials by moderating the rigorous inflexibility of mandatory sentences where the offender had rendered substantial assistance to the Government. To this end, the district judge was given the power, on motion of the Government attesting to the defendant's assistance, to "impose a sentence below a level established by statute as minimum sentence...." The Sentencing Commission in turn, in Application Note 1 to

1. This language is not the language of the Guidelines which is quoted later herein. Section 5H1.1 of the Guidelines.

§ 5K1.1, has stated that "[u]nder circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence." The Commission, however, has avoided deciding whether the prohibition against probation in Class A and B felony offenses under Section 3561(a)(1) should be treated in the same manner as a mandatory minimum term of imprisonment and made subject to the later provisions of Section 3553(e). It declared that such a question was one that "may have to be addressed by the courts." *See* the Commission's Answer to Question 42 as reported in the Commission's November 30, 1988 issue of "Questions Most Frequently Asked About the Sentencing Guidelines."

As we view Section 3553(e), there is no logical distinction between the two situations, *i.e.,* between the mandatory minimum sentence and the prohibition against probation. The statute was intended to free the sentencing judge to exercise, on motion of the Government, a prudent discretion by disregarding, where there has been substantial governmental assistance by the defendant, both the affirmative mandate to impose a minimum prison sentence and the negative mandate of Section 3561(a)(1) not to grant probation to a Class A or a Class B offender. Under this reconciliation of the two statutes, the ban on probation in sentencing in Class A and Class B cases is maintained save in the rare case where the assistance of the defendant has been sufficiently substantial that the Government determines to move the sentencing court to impose a sentence below the statute's minimum or without the prohibition on a probationary sentence.[2] We accordingly conclude that the district judge could have granted probation in this case.[3] Such conclusion conforms to the rule of lenity, which holds that penal statutes are to be strictly construed against the Government and in favor of the defendant. *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971).

The Government argues that, even though it may be that Section 3553(e) empowers the district judge to disregard the prohibition of Section 3561(a)(1) in a case qualifying under the former statute, the district judge in this case made it perfectly clear that in his opinion he would not have imposed on the defendant a probationary sentence. Under those circumstances, the Government posits that the district judge's error in assuming he lacked such power would be harmless. It accordingly contends that we should affirm without remand to the district court. We do not agree. It may be that probation in this case is remote. The defendant's participation in drug trafficking was not insubstantial and a convicted drug trafficker is not generally an appealing subject for a compassionate sentence. But the defendant should be accorded a right to press his petition for a probationary sentence before a court which has not incorrectly assumed that it absolutely lacks the power to impose such a sentence. It is possible that the sentencing court would have viewed differently a plea for a probationary sentence if it had considered such a sentence to be within its discretion. We do not mean by this to suggest or intimate that we think probation would be an appropriate sentence in this particular case. We only think the sentencing judge should have been afforded an opportunity to consider the plea for a probationary sentence in this case, without being fettered by the prohibition of Section 3561(a)(1).

█ The defendant also charges error in the failure of the sentencing court to regard age as a characteristic to be considered. In developing the Sentencing Guidelines, the Commission had been urged

---

**2.** The application of Section 3553(e) requires a motion by the Government. Application Note 1 to 5K1.1, Federal Sentencing Guidelines. *United States of America v. Francois,* 889 F.2d 1341 (4th Cir.1989).

**3.** The statute provides the sentencing court with power to reduce the sentence below the provided minimum sentence, but the power is permissive and not mandatory. In other words, the sentencing court *may* on motion of the Government depart from the minimum sentence but is not obligated to do so. *United States v. Smith,* 839 F.2d 175, 180 (3d Cir.1988).

to consider the relevance of the defendant's age, education, vocational skills, mental and emotional condition, physical condition (including drug dependence), previous employment record, family ties and responsibilities, community ties, role in the offense, criminal history, and dependence upon criminal activity for a livelihood. Section 3553(b), however, declares that the only "aggravating or mitigating circumstances" that can warrant "a sentence different from that described" in the statute are those which were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." The Commission concluded that only the defendant's criminal history, his dependence upon criminal activity for a livelihood, and his acceptance of responsibility for his wrongdoing were relevant. In reaching that conclusion, the Commission did give careful consideration to the age of the offender as a mitigating factor in sentencing. Specifically, it declared in Section 5H1.1 of the Guidelines:

> Age is not ordinarily relevant in determining whether a sentence should be outside the guidelines. Neither is it ordinarily relevant in determining the type of sentence to be imposed when the guidelines provide sentencing options. Age may be a reason to go below the guideline when the offender is elderly *and* infirm and where a form of punishment (*e.g.* home confinement) might be equally efficient as and less costly than incarceration. If, independent of the consideration of age, a defendant is sentenced to probation or supervised release, age may be relevant in the determination of the length and conditions of supervision.

[Emphasis in text.] It has, therefore, normally eliminated age as a mitigating sentencing factor under the language of Section 3553(b). This view of the Commission has been criticized by one commentator who said that "[a] system that fails to consider the offender's personal characteristics places too great an emphasis on the harm caused by the offender's act and too little emphasis on circumstances that would serve to mitigate the punishment." Ogletree, *The Death Of Discretion? Reflections On The Federal Sentencing Guide-* *lines,* 101 Harv.L.Rev. 1938, 1939 (1988). We, however, are governed by the Guidelines which have been adopted by Congress.

The final point made by the defendant is that the district court improperly used the figure of 821.2 grams of cocaine as the proper one to be used in computing his offense level under the Guidelines since that amount included some cocaine "possessed or distributed" prior to the effective date of the Guidelines (November 1, 1987). He urges that this is unconstitutional under our reasoning in *United States v. Oldaker,* 823 F.2d 778 (4th Cir.1987). So far as we can ascertain, this point was not raised by the defendant at the time of sentencing; at any rate, whether raised or not, the district court did not find occasion to address the contention. Since we are remanding for resentencing, the defendant may raise this point on remand and the district court may rule thereon at that time.

AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.