**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Mattie Lou THOMAS,
Defendant–Appellee.**

No. 90–2183.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1991.

Decided April 11, 1991.

As Amended April 24, 1991.

Rehearing and Rehearing En Banc
Denied May 23, 1991.

Michael J. Shepard, and Barry R. Elden, Asst. U.S. Attys., Office of the United States Attorney, Criminal Receiving, Appellate Division, Chicago, Ill., for plaintiff-appellant.

Jeffrey B. Steinback, Leonard Goodman, Genson, Steinback & Gillespie, Chicago, Ill., for defendant-appellee.

Before FLAUM, RIPPLE, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

After she was arrested for possessing almost 4 kilograms of heroin, Mattie Lou Thomas decided to cooperate with the continuing government investigation of her associates. Her assistance earned her a government recommendation, pursuant to 18 U.S.C. § 3553(e), for a six-year sentence in lieu of the otherwise mandatory ten-year prison sentence applicable to her crime. See 21 U.S.C. § 841(b)(1)(A). The district court, however, gave the prosecution more than it bargained for, sentencing Thomas to probation. The government appeals, asserting that 21 U.S.C. § 841(b)(1)(A)(i) does not permit the district court to enter a sentence of probation and that the size of the district court's downward departure was unreasonable. We agree and remand the case to the district court for resentencing.

21 U.S.C. § 841(b) provides that:

Except as otherwise provided in Section 845, 845a or 845b of this title, any person who violates subsection (a) of the section shall be sentenced as follows:

(1)(A) [for violations involving more than one kilogram of heroin] such person shall be sentenced to a term of imprisonment which may not be less than 10 years....

Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph.

As an initial matter, one might ask why the last sentence quoted above is necessary. If a ten-year sentence is mandatory, why was it necessary to affirmatively prohibit a sentence of probation? The simple answer is that the ten-year sentence is not mandatory. 18 U.S.C. § 3553(e) gives the court, on motion of the government, limited authority to impose a sentence below a statutory minimum, "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." The question we face is whether, for defendants convicted of violating 21 U.S.C. § 841(a), 18 U.S.C. § 3553(e) authorizes sentencing judges to reduce only the term of imprisonment or if it also permits the judge to impose probation in lieu of imprisonment.

The district court adopted the latter interpretation. The court reasoned that, in responding to the government's motion, it was sentencing Thomas "under" 18 U.S.C. § 3553(e) rather than "under" 21 U.S.C. § 841(b), making the probation prohibition of § 841(b)(1)(A) inapplicable. The court concluded, therefore, that it was free to consider probation as a sentencing alternative. The court found *United States v. Daiagi*, 892 F.2d 31 (4th Cir.1989), analogous. In *Daiagi*, the court held that § 3553(e) authorized the district court to sentence the defendant to probation even though 18 U.S.C. § 3561(a)(1) provides that "[a] defendant who has been found guilty of an offense may be sentenced to a term of probation unless (1) the offense is a Class A or Class B felony...." Daiagi had been convicted of conspiring to distribute cocaine in violation of 21 U.S.C. § 846.[1] The *Daiagi* court reasoned that "there is

---

1. The *Daiagi* court apparently regarded this offense as a Class B felony. At the time, however, Class B felonies were those offenses carrying maximum sentences of twenty years or more (the definition has since been modified to include only offenses carrying maximum sentences of twenty-five or more years). Violations of 21 U.S.C. § 846 carried, at the time, a maxi-

mum penalty of fifteen years, which could be increased to thirty years for a second conviction for that offense. The court's opinion did not indicate whether Daiagi had previously been convicted of a drug offense, and thus it is not clear from the opinion whether his conviction was, in fact, a Class B felony.

no logical distinction ... between the mandatory minimum sentence and the prohibition against probation. The statute [§ 3553(e)] was intended to free the sentencing judge to exercise, on motion of the Government, a prudent discretion by disregarding, where there has been substantial governmental assistance by the defendant, both the affirmative mandate to impose a minimum prison sentence and the negative mandate ... not to grant probation...." *Id.* at 33. The district court found that view persuasive, and concluded that § 3553(e) authorized him to disregard both the ten-year statutory minimum sentence and the ban on probation contained in § 841(b).

■ We must respectfully disagree. The district court's interpretation renders the probation ban meaningless. If departure pursuant to § 3553(e) means that defendants are not sentenced "under" § 841(b), there can never be occasion to invoke the probation ban. The presence of the probation ban in a section that imposes a statutory minimum means that there must be some other provision of law that permits the court to impose a sentence below that statutory minimum. That provision is § 3553(e). Congress effectively eliminated probation by creating a statutory minimum; it needed the probation ban only to limit the discretion given to sentencing courts by § 3553(e) to depart from the statutory minimum by eliminating probation as a sentencing option. As Thomas herself correctly notes, "all words in a statute must be interpreted so as to give them meaning and to avoid rendering any language surplusage." Appellee's Brief at 18; *see also Jarecki v. G.D. Searle & Co.,* 367 U.S. 303, 307–08, 81 S.Ct. 1579, 1582, 6 L.Ed.2d 859 (1961). The parties debate the significance of the sparse record of legislative intent behind the probation bar, but we have little need to resort to legislative intent when the language of the statute is so plain. Notwithstanding any other provision of law, § 841(b)(1)(A) forbids judges to sentence defendants convicted of violating

§ 841(a) by distributing one kilogram or more of heroin, as Thomas did, to probation.

*Daiagi* is easily distinguished. The version of 21 U.S.C. § 846 applicable in that case contained no language establishing a mandatory minimum term of imprisonment or specifically proscribing probation. The only probation bar applicable to Daiagi came from 18 U.S.C. § 3561, a general provision proscribing probation for all Class A and B felonies. Section 3561 did not contain any language similar to the "notwithstanding any other provision of law" language contained in § 841(b) (language that is now applicable to violations of § 846 as well as § 841(a), making *Daiagi's* continuing vitality suspect).[2] The only statutory minimum faced by Daiagi, then, was the one-day minimum term of imprisonment implicit in the general probation ban of § 3561. By its terms, § 3553(e) trumps that mandatory minimum. The court held, therefore, that § 3553(e) authorized the sentencing court to award probation to Daiagi. The court could not have held otherwise without rendering § 3553(e) a nullity, a fact that shows that *Daiagi* is perfectly consistent with our own rationale in this case. Here, unlike in *Daiagi,* the district court faced a clause—"notwithstanding any other provision of law"—that made the probation bar trump § 3553(e). That clause dictates our result, and distinguishes Thomas's case from Daiagi's.

Section 841(b), then, requires the district court to sentence Thomas to some period of confinement. As the district court observed, however, there is little substantive difference between a sentence of probation and a very short period of confinement; we therefore also address the government's claim that the extent of the district court's departure was unreasonable.

■ Section 3553(e) authorizes departures upon government motion *"so as to reflect a defendant's substantial assistance* [emphasis supplied] in the investiga-

---

**2.** *United States v. Wilson,* 896 F.2d 856 (4th Cir.1990), is distinguishable on the same basis. The defendant in that case was convicted under

18 U.S.C. § 1952(a)(3), which carries no minimum sentence.

tion or prosecution of another person who has committed an offense." This language clearly supports the government's view that only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance under § 3553(e). Reference to § 5K1.1 of the sentencing guidelines further buttresses the government's reading. That policy statement contains a list of factors that the sentencing court may consider to arrive at "the appropriate reduction" when departing downward on the basis of substantial assistance rendered to the government. The list is not intended to be exhaustive, but each of the factors listed concerns circumstances bearing upon the significance of a defendant's cooperation, such as its utility, reliability, risk, and timeliness. Had the Sentencing Commission wished to permit courts to consider factors unrelated to the quality of the defendant's cooperation when departing because of that cooperation, it seems likely that it would have promulgated a list of examples encompassing factors unrelated to cooperation. Courts probably invoke interpretive maxims too often, but the principle of *ejusdem generis* seems to have such force in this case that we feel obliged to trot it out. "The purpose for defining the class by illustrative particularizations accompanied by a general catchall reference is to determine how extensively the act was intended or should reasonably be understood to apply." 2A C. SANDS, STATUTES AND STATUTORY CONSTRUCTION § 47.18 at 177 (4th ed. 1984). We therefore conclude that § 5K1.1 permits departure only on the basis of the quality of the assistance rendered.

The district court, Thomas concedes, based its sentence not only on her assistance, but also took her extremely burdensome family responsibilities into account. Each of Thomas's three adult children is mentally disabled. Two live with Thomas; one is institutionalized. Thomas is also the legal guardian of a four year-old grandson. She cares for her children alone; Thomas last saw her husband in 1984.

She maintains, however, that § 1B1.4 of the guidelines authorized the court to factor her familial responsibilities into its departure calculus. Section 1B1.4 provides that "[i]n determining ... whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." The commentary for § 1B1.4 points out, however, that "[s]ome policy statements ... express a Commission policy that certain factors should not be considered for any purpose, or should be considered only for limited purposes." Guideline § 5H1.6 is one such policy statement. There the Commission stated that "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines."

There is a split among the circuits that have considered whether the qualification contained in the policy statement—not "ordinarily" relevant—authorizes downward departures based on *extraordinary* family considerations. Indeed, there is a split *within* several circuits on this question. The Fifth and Sixth Circuits have intimated that § 5H1.6 permits departures based on extremely unusual family circumstances. *See United States v. Brewer*, 899 F.2d 503, 508 (6th Cir.1990) (defendant's family and community ties held not unusual enough to justify departure on that basis); *United States v. Burch*, 873 F.2d 765, 768 (5th Cir.1989) (family ties can be basis for departure in extraordinary cases). The Ninth Circuit says no. *See United States v. Brady*, 895 F.2d 538, 543 (9th Cir.1990). Cases in the Fourth and Eighth Circuits go both ways. *Compare United States v. Shortt*, 919 F.2d 1325, 1328 (8th Cir.1990) (defendant's family circumstances not unusual enough to support departure under § 5H1.6) *with United States v. Sutherland*, 890 F.2d 1042, 1043 (8th Cir.1989) (§ 5H1.6 is a "clear statement" that family considerations are not a ground for departure); *United States v. Deigert*, 916 F.2d 916, 918–19 (4th Cir.1990) (departure on basis of extraordinary family considerations permissible) *with United States v. McHan*, 920 F.2d 244, 248 (4th Cir.1990) (no departure authorized on basis of family

considerations when probation is not a sentencing option).

We agree with the courts that read § 5H1.6 narrowly. Section 5H1.6 details the few instances when family responsibilities are relevant:

> Family responsibilities that are complied with are relevant in determining whether to impose restitution and fines. Where the guidelines provide probation as an option, these factors may be relevant in this determination. If a defendant is sentenced to probation or supervised release, family ties and responsibilities that are met may be relevant in the determination of the length and conditions of supervision.

None of these situations apply to Thomas. The district court awarded her no fine, and as we determined above, she is not eligible for probation. These are the only cases in which family considerations are relevant; unlike the guideline policy statement on departures for substantial assistance, § 5H1.6 contains no language suggesting that this list is merely illustrative rather than exhaustive. Section 5H1.6 contains no suggestion that departures may be based on family considerations whenever they strike judges as particularly compelling. Had the Commission wanted to do that, it knew how; in § 5H1.4, for example, the guidelines state that, although a defendant's physical condition is not "ordinarily" relevant in determining whether to depart, sentencing courts may depart on the basis of "an extraordinary physical impairment." Section 5H1.6 grants no similar license. Moreover, the Commission's affirmative statement that family responsibilities are relevant when probation is an option suggests that the Commission did not intend them to be relevant when, as here, probation is *not* a sentencing option. *See McHan*, 920 F.2d at 248 (community ties not relevant to departure decision when probation is not an option); *Brady*, 895 F.2d at 543. Thomas essentially concedes this point, since she argues that the relevance of § 5H1.6 lies in the fact that it makes family responsibilities relevant when probation is an available option.

This reading is also consistent with the general philosophy that undergirds the Sentencing Guidelines. They reflect Congress's desire to base criminal punishment on the offense committed rather than on the defendant's personal characteristics. *McHan*, 920 F.2d at 247. "[O]f the fifteen grounds for departure listed in [Chapter 5, Part K of the guidelines] not a single one looks to characteristics of the defendant: ten factors examine the specific criminal conduct and the resulting harm, and five relate to the defendant's mental capacity or motive at the time of the conduct." *Id.* That the guidelines do not treat the personal characteristics of defendants as completely irrelevant is true. *United States v. Lara*, 905 F.2d 599, 604–05 (2d Cir.1990). That their relevance is limited, however, is clear. The Commission promulgated the policy statements in Part H of Chapter 5 of the guidelines in response to Congress's directive "to consider whether certain specific offender characteristics 'have any relevance to the nature, extent, place of service, or other incidents of an appropriate sentence' and to take them into account only to the extent they are determined relevant by the Commission." U.S.S.G. Ch. 5, Pt. H, intro. comment. The commentary to Part H was recently amended to clarify the relationship between 28 U.S.C. § 994(e) and certain policy statements; that statute speaks to the general inappropriateness of considering, among other things, family ties and responsibilities. *Id.* (Amendment No. 357). The policy statements within Part H should therefore be read as establishing the limited parameters within which certain offender characteristics—family ties and responsibilities among them—are relevant.

■ Thomas's sentence, then, may be reduced only on the basis of the assistance she provided to the government. Departures, whether upward or downward, must be linked to the structure of the guidelines. *United States v. Fonner*, 920 F.2d 1330, 1331–32 (7th Cir.1990) (upward departures); *United States v. Gentry*, 925 F.2d 186, 189 (7th Cir.1991) (downward departures). We recognize that, by their very nature, departures involve considerations that the guide-

lines do not already take into account. To say that the sentencing court must link the degree of departure to the guidelines means not that the court must employ existing guideline provisions to determine the appropriate degree of departure, but that it must employ the rationale and methodology of the guidelines when considering cases not adequately addressed by existing guidelines. The sentencing judge is thus required to articulate the specific factors justifying the extent of his departure and to adjust the defendant's sentence by utilizing an incremental process that quantifies the impact of the factors considered by the court on the defendant's sentence. The district court's decision to grant Thomas probation was, as we have seen, based on an erroneous interpretation of § 841(b) and on consideration of Thomas's family responsibilities. At no point did the district court indicate that its decision to grant Thomas probation was based on the cooperation she had given the government; we therefore have no basis for determining what portion, if any, of the departure reflected Thomas's ·cooperation.

■ The government's recommendation should be the starting point for the district court's analysis. Application Note 3 to § 5K1.1 directs the sentencing court to give "substantial weight" to the government's evaluation of the defendant's assistance. The government recommended that the court sentence Thomas to six years in prison. Had Thomas fully cooperated, the government submits that it would have recommended a five-year sentence. The prosecutors believed, however, that Thomas failed to cooperate fully in that portion of the investigation focusing on drug trafficking activities in Detroit, where Thomas resides. They reported to the district court that, in their opinion, Thomas had been less than candid when asked to describe her distribution network in that city. The four-year reduction recommended by the government equates to a five-level reduction in the base offense level of thirty-two (the lowest possible offense level for which a ten-year sentence may be imposed).

The district court should examine the government's recommendation in light of factors like, but not limited to, those listed in § 5K1.1.(a). As for the weight to accord such factors, the guideline provision that is most directly analogous to a downward departure for rendering substantial assistance is § 3E1.1, which authorizes a two-level reduction in the base offense level for acceptance of responsibility. By way of negative inference, the two-level enhancement for obstruction of justice, § 3C1.1, may also be relevant. These provisions suggest that departures based on a defendant's cooperation with authorities may warrant something on the order of a two-level adjustment for each factor found by the court to bear similarly on its evaluation of the defendant's cooperation. They provide but imperfect guidance, however, since weighing the impact of any given factor on the quality of the defendant's cooperation is an imprecise art, at best. We do not intend to preclude the district court from utilizing a scale with more gradations in order to assign greater or lesser weight to the factors it considers. We will simply renew our caution that "departures of more than two levels should be explained with a care commensurate with their exceptional quality." *United States v. Ferra*, 900 F.2d 1057, 1064 (7th Cir.1990).

We express no view as to whether Thomas's assistance merits a larger (or smaller) departure from the ten-year statutory minimum than that recommended by the government. On remand, if the district court imposes a different sentence, it should explain in what respects the government's recommended departure is inappropriate by reference to factors like those enumerated in § 5K1.1(a) and their significance to the court's evaluation of the quality of the assistance rendered by Thomas. Appellee's sentence is vacated and the case remanded to the district court for resentencing consistent with this opinion.