993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John WHITESIDE, Defendant-Appellant.
 No. 92-2450.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided May 6, 1993.
 
 Before COFFEY, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 John Whiteside challenges his sentence based on the alleged failure of the sentencing court to adequately articulate its reasons for granting him no more than a two-level reduction for substantial assistance to authorities.
 
 I.
 
 2
 Whiteside pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute more than 100 kilograms of marijuana. 21 U.S.C. § 846. In exchange, the government agreed to dismiss a second count against Whiteside and to recommend a two-level downward departure based on expected cooperation from Whiteside in the government's continuing investigation. The agreement further provided that Whiteside would be free to argue for a greater reduction in his offense level but that the ultimate decision would be up to the judge.
 
 
 3
 The judge found that the statutory minimum of 120 months was the appropriate sentence under the guidelines. As authorized by 18 U.S.C. § 3553(e),[1] the government filed a motion under U.S.S.G. § 5K1.1 recommending a two-level downward departure for Whiteside's cooperation. At the sentencing hearing, Whiteside argued that he deserved a greater reduction. He claimed that his cooperation was substantial, truthful, complete, and extensive. He argued that under United States v. Thomas, 930 F.2d 526 (7th Cir.), cert. denied, 112 S.Ct. 171 (1991), he was entitled to a two-level reduction for each factor listed in § 5K1.1 that he satisfied. The judge took a recess to consider Thomas. When he returned, he found that Whiteside had exhibited four out of the five factors listed in § 5K1.1, but he concluded that Thomas did not require a two-level reduction for every factor satisfied. The judge explained his departure decision as follows:
 
 
 4
 I would find the defendant does show several of the factors as being present here, such as having given significant cooperation. Cooperation appears to be truthful and complete and reliable. It has been rather extensive and appears to be reasonably timely. So that four out of the five factors listed [in § 5K1.1] seem to be covered.
 
 
 5
 There does not appear to be particular injury suffered to him, other than--him or his family, other than the injury that occurs when someone participates in this criminal activity and later faces the consequences of criminal prosecution.
 
 
 6
 But overall it strikes me that the extent of his cooperation is such that it should merit a two level reduction. The extent, the quality, the significance of his cooperation, all of those things combined should result in a two level reduction.
 
 
 7
 And taking the 120 month minimum and looking at the various offense levels and considering the nature of this defendant's cooperation, viewing level 28, which includes a 120 month sentence, and departing by two levels into level 26, it seems as though the appropriate reduction would be to a sentence of 87 months.
 
 
 8
 Disposition Transcript 31.
 
 II.
 
 9
 Whiteside does not contest the reasonableness of the extent of the departure ordered by the sentencing court. Pl.Br. 10. As long as a sentence is otherwise valid, the extent of a departure from the guidelines is not reviewable on appeal. United States v. Heilprin, 910 F.2d 471, 475 (7th Cir.1990); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989). In addition, there is no question that the judge did not err by not awarding a two-level reduction for each § 5K1.1 factor that Whiteside satisfied. United States v. Atkinson, 979 F.2d 1219, 1226 (7th Cir.1992). The sole question before us is whether the sentencing court incorrectly applied the sentencing guidelines by failing to apply "an incremental process of quantifying the amount of downward departure under § 5K1.1 ... according to the factors set forth therein." Pl.Br. 5. In essence, Whiteside believes he was entitled to a more thorough explanation of the extent of the downward departure granted by the judge.
 
 
 10
 Section 5K1.1 requires that the judge explain a downward departure based on a defendant's substantial assistance. It provides in part that
 
 
 11
 (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
 
 
 12
 (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
 
 
 13
 (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
 
 
 14
 (3) the nature and extent of the defendant's assistance;
 
 
 15
 (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
 
 
 16
 (5) the timeliness of the defendant's assistance.
 
 
 17
 Section 5K1.1 therefore requires the court to state its reasons for departing and gives the five factors quoted above as examples of reasons, but beyond that it does not require any level of specificity in the reasons stated.
 
 
 18
 Whiteside argues Thomas, supra, requires a higher degree of specificity for the judge's explanation. Whiteside relies on language in Thomas where the court said:
 
 
 19
 The sentencing judge is thus required to articulate the specific factors justifying the extent of his departure and to adjust the defendant's sentence by utilizing an incremental process that quantifies the impact of the factors considered by the court on the defendant's sentence.
 
 
 20
 Thomas, 930 F.2d at 531. The government contends that this language is dicta and thus not binding.
 
 
 21
 In our view, this language in Thomas is not controlling here because Thomas is distinguishable. Thomas involved a departure greater than what the government recommended. Because the government's evaluation of the extent and value of a defendant's assistance is to be accorded "substantial weight," see Application Note 3 to § 5K1.1, "[t]he government's recommendation should be the starting point for the district court's analysis." Thomas, 930 F.2d at 531. Thus, when the court departs from that recommendation, a more detailed explanation than usual is required. This is why, in the penultimate sentence of the Thomas opinion, the court stated that
 
 
 22
 [o]n remand, if the district court imposes a different sentence [than recommended by the government], it should explain in what respects the government's recommended departure is inappropriate by reference to factors like those enumerated in § 5K1.1(a) and their significance to the court's evaluation of the quality of the assistance rendered by Thomas.
 
 
 23
 930 F.2d at 531. In Whiteside's case, the court followed the government's recommendation, so no there was no need for an especially detailed explanation. "[W]eighing the impact of any given factor on the quality of the defendant's cooperation is an imprecise art, at best," id., which is why the district court has discretion in this regard. Thus, the court was not required to express a precise, quantified adjustment for each particular factor satisfied by Whiteside. The court's explanation of its departure took account of each of the factors listed in § 5K1.1. This explanation was sufficient.
 
 III.
 
 24
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The parties filed a joint motion to waive oral argument, which we granted. The appeal is therefore submitted on the briefs and record
 
 
 [1]
 Title 18 U.S.C. § 3553(e) provides:
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.