UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert ROTH, Defendant–Appellant.

No. 93–50412.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1994.

Decided Aug. 19, 1994.

Russell S. Babcock, San Diego, CA, for defendant-appellant.

Roger W. Haines, Jr., Asst. U.S. Atty., argued, David P. Curnow, Asst. U.S. Atty., on the brief, San Diego, CA, for plaintiff-appellee.

Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Robert Roth pleaded guilty to one count of conspiracy to manufacture and possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement reserved to Roth his right to appeal the legality of any sentence imposed.

Roth cooperated with and provided substantial assistance to the authorities, and as a result the government moved at sentencing for a downward departure from the minimum sentence otherwise imposed by statute. The government recommended twelve months' imprisonment, while Roth sought probation. The government objected that a sentence of probation without any imprisonment would violate 21 U.S.C. § 841(b)(1)(A), which imposes a mandatory minimum prison sentence for Roth's offense and further provides that "[n]otwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph."

On this question, which is one of first impression in this circuit, the district court stated that it would "like an appeal taken.... Let's find out. He's, I think, rehabilitated himself—has gone through a period of rehabilitation, and I have to confine something, so I put the six months. I hope I'm wrong." Roth received a total sentence of six months' imprisonment and three years' supervised release.

Roth now timely appeals. For the reasons stated below, we hold that the district court lacked discretion to impose a sentence consisting of probation only, and we affirm.

### Review of the Sentence

Our review of Roth's challenge depends crucially upon whether the district court's refusal to impose a sentence of probation only was (1) an exercise of its discretion or (2) the result of its legal conclusion that it was not permitted to impose such a sentence. If the district court's refusal to depart further downward from the statutory minimum was simply its discretionary decision as permitted by law, this court lacks jurisdiction to entertain Roth's appeal. If the refusal represented the district court's conclusion as to the legal bounds of its discretion, the court of appeals reviews it de novo. Where the district court record reveals significant ambiguity on the issue, the court of appeals must vacate and remand. See United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, —— U.S. ——, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991); see also United States v. Vilchez, 967 F.2d 1351, 1353 (9th Cir.1992) (whether the district court had authority to

depart below a statutory minimum sentence is reviewed *de novo* ); *United States v. Udo,* 963 F.2d 1318, 1320 (9th Cir.1992).

■ A review of the sentencing hearing transcript indicates that the court was "convinced" that it had to impose a period of incarceration and that it then decided that a sentence of six months was "reasonable." Our review is thus *de novo.* As we explain *infra,* the district court's legal conclusion was correct.

## Legal Framework

■ Sentencing for Roth's § 846 conspiracy conviction, given the specific circumstances of his offense, works as follows. Section 846 declares that conspiracy to commit the substantive offenses defined in the subchapter shall carry the same penalty as those offenses. Section 841(a)(1) outlaws the conduct of the conspiring group here, *i.e.,* manufacture and possession with intent to distribute a controlled substance. Section 841(b) then prescribes the penalties for § 841(a) offenses, and subsection (b)(1)(A)(viii) brings offenses involving 100 or more grams of methamphetamine under the sentencing provisions of (b)(1)(A). For this class of offenses where the defendant is a first-time drug felon and no death or serious bodily injury has resulted from his activities, (b)(1)(A) mandates "a term of imprisonment which may not be less than 10 years" as well as "a term of supervised release of at least 5 years in addition to such term of imprisonment." Roth's statutory minimum sentence was thus 10 years in prison followed by 5 years of supervised release. Again, (b)(1)(A) goes on to provide: "Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph."

Meanwhile, in order to facilitate plea bargaining and witness cooperation, 18 U.S.C. § 3553(e) states that:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance....

Section 3553(e) then incorporates 28 U.S.C. § 994, part of the scheme setting up the United States Sentencing Commission, which instructs the Commission to

assure that the [sentencing] guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance ...

28 U.S.C. § 994(n). Guidelines § 5K1.1 is the embodiment of this mandate, authorizing a departure upon government motion stating that the defendant has provided substantial assistance. *See United States v. Keene,* 933 F.2d 711, 714 (9th Cir.1991).

The legal issue in Roth's appeal is whether § 841(b)(1)(A)'s "notwithstanding any other provision of law" places a lower bound on the district court's discretion under the § 3553(e)/§ 994(n)/§ 5K1.1 substantial assistance scheme.

## Discussion

Roth argues that § 3553(e) permits no lower limit on the sentencing court's discretion to depart downward. He relies principally on the Fourth Circuit decision in *United States v. Daiagi,* 892 F.2d 31 (4th Cir.1989); *see also United States v. Pippin,* 903 F.2d 1478, 1485 (11th Cir.1990); *United States v. Wilson,* 896 F.2d 856, 859 (4th Cir.1990).

*Daiagi* addressed this issue in the context of a sentencing under 18 U.S.C. § 3561(a), which permits a sentence of probation unless the offense in question falls into a particular category of felony (§ 3561(a)(1)) or it is "an offense for which probation has been expressly precluded" (§ 3561(a)(2)). The sentencing court in *Daiagi* received the government's § 3553(e) motion, but over Daiagi's objection it held that § 3561(a)(1) precluded a sentence of probation only. *Daiagi,* 892 F.2d at 32. The Fourth Circuit remanded for resentencing. The court stated: "[T]here is no logical distinction between ... the mandatory minimum sentence [from which the express language of § 3553(e) permits departure] and [§ 3561(a)'s] prohibition against probation." *Id.* at 33. Thus, the court held that § 3553(e) "trumped" the probation pre-

clusion of § 3561(a). Roth argues that § 3553(e)'s interaction with § 841(b)(1)(A) should be no different.

· The government takes another view. Most importantly, the plain language of § 841(b)(1)(A) differs from that of § 3561, and the only two appellate cases to address Roth's specific situation support the government's position. The prohibition on probation here is specifically imposed "notwithstanding any other provision of law." In *United States v. Thomas*, 930 F.2d 526 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991), the Seventh Circuit held that the probation ban in § 841(b)(1)(A) was designed "to limit the discretion given to sentencing courts by § 3553(e) to depart from the statutory minimum by eliminating probation as a sentencing option." *Id.* at 528; *see also United States v. Sharp*, 883 F.2d 829, 831 (9th Cir. 1989) (§ 3553(e) motion is the only way to reduce a § 841(b) sentence below the statutory minimum); *United States v. Hoyt*, 879 F.2d 505, 511 (9th Cir.) ("the statute contemplates that every sentence under 21 U.S.C. § 841(b)(1)(A) will result in a term of imprisonment."), *amended*, 888 F.2d 1257 (9th Cir. 1989). The Sixth Circuit adopted the *Thomas* analysis in *United States v. Snelling*, 961 F.2d 93, 96–97 (6th Cir.1991) ("a 3553(e) motion allows the sentencing court to disregard a *mandatory minimum* sentence but not a *statutory ban* on probation.") (emphasis in original).

Moreover, as *Thomas* pointed out, "*Daiagi* is easily distinguished." 930 F.2d at 528. *Daiagi* applied § 3561(a) to a conviction under 21 U.S.C. § 846 at a time when the conviction carried no mandatory minimum term of imprisonment or specific proscription of a probation-only sentence. Section 3561(a)'s ban on probation was thus the *only* source in *Daiagi* of a mandatory minimum sentence from which § 3553(e) would have been necessary to depart.

In Roth's case, § 3553(e) still permits a departure from the stiff mandatory minimum of 10 years' imprisonment with 5 years' supervised release. By the plain language of § 841(b)(1)(A), which differs so significantly from the statutory language in *Daiagi*, § 3553(e) must fall in the category of "any other provision of law." Consequently, we follow the Sixth and Seventh Circuits in holding that the district court here lacked discretion to impose a sentence of probation without imprisonment.[1] Since no other challenge has been made to the six month sentence, we affirm.

AFFIRMED.

---

**1.** We note that the statute does not further limit the district court's sentencing discretion; the language of § 841(b)(1)(A) requires only a *de minimis* term of imprisonment. *Cf. Thomas*, 930 F.2d at 528. However, downward departures remain subject to the requirement that the district court provide a "reasoned explanation of the extent of the departure," *United States v. Lira–Barraza*, 941 F.2d 745, 751 (9th Cir.1991) (*en banc*).