46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie E. SWEENEY, Defendant-Appellant.
 No. 94-1887.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Dec. 14, 1994.*
Decided: Jan. 26, 1995.
 
 Before COFFEY, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Freddie E. Sweeney entered a guilty plea to accessory after the fact to murder and attempted murder in violation of 18 U.S.C. Secs. 1513(a)(1) and 1512(a)(1)(A) & (C). Sweeney was sentenced to a term of 108 months imprisonment to be followed by a three year term of supervised release. Sweeney challenges his sentence arguing that the district court erred in failing to depart downward from the sentencing guidelines pursuant to U.S.S.G. Sec. 5K1.1 for providing substantial assistance to authorities. We dismiss for lack of jurisdiction.
 
 
 2
 In January of 1986, Denise Rosemond witnessed a murder committed in South Carolina by members of the El Rukn organization, and she subsequently identified one of the participants to law enforcement authorities. Noah Robinson, a long-time associate of Sweeney, had hired the El Rukn organization to commit the murder. In October of 1987, after learning that Rosemond had linked an El Rukn organization member to the murder, Robinson offered to pay Sweeney $5,000 to murder Ms. Rosemond. Between October and December of 1987, Sweeney made an effort to get close to and befriend Ms. Rosemond so that he could kill her at Robinson's request. On December 4, 1987, Sweeney went to Ms. Rosemond's apartment, stabbed her several times and left. Ms. Rosemond survived and identified Sweeney as her assailant.
 
 
 3
 Sweeney was charged with attempting to murder Denise Rosemond in order to prevent her from testifying before a federal grand jury regarding the activities of the El Rukns.[1] Sweeney was a fugitive from justice from December 4, 1987 through January 1, 1988, at which time he turned himself in to the authorities in Greenville, South Carolina. On December 18, 1989, Sweeney pled guilty to Counts 13 and 14 of the indictment charging him with accessory after the fact and attempted murder. He immediately began cooperating with the authorities by describing his criminal activity and aiding the government in its prosecution of Robinson in connection with the stabbing of Ms. Rosemond and the murder committed by members of the El Rukn organization. Sweeney testified against Robinson in a South Carolina state trial regarding the South Carolina murder and the attempted murder of Ms. Rosemond. This testimony was helpful in obtaining a conviction against Robinson for being an accessory after the fact of the attempted murder of Ms. Rosemond. In the Northern District of Illinois, Sweeney also testified in the trial of Noah Robinson and six El Rukn generals and a in second trial involving individuals who supplied illegal drugs to the El Rukn organization. This testimony led to the issuance of a murder warrant for Eugene Hunter regarding the South Carolina murder, other arrest warrants relating to that incident and the cooperation of El Rukn generals.
 
 
 4
 At the sentencing hearing before the district court, the government moved for a downward departure from the sentencing guidelines under U.S.S.G. Sec. 5K1.1. The government's motion was made pursuant to a plea agreement between Sweeney and the government.[2] The government recommended that Sweeney be rewarded for his cooperation in both the South Carolina and Northern District of Illinois trials. Following the government's recommendation, the district court found that a departure from the guidelines was not warranted. The district court noted the seriousness of the offense and Sweeney's status as an addicted cocaine user and stated that the range provided by the guidelines would be sufficient to give Sweeney consideration for his assistance. Sweeney's applicable adjusted offense level was 31 and with a criminal history category of I, the applicable guidelines range was 108 to 135 months imprisonment. The district court sentenced Sweeney to the minimum of 108 months to be followed by a three year term of supervised release. This timely appeal follows.
 
 
 5
 Sweeney maintains that the district court abused its discretion when it considered factors others than Sweeney's assistance to authorities in determining whether to depart from the guidelines under U.S.S.G. Sec. 5K1.1. In support of his claim, Sweeney points to United States v. Thomas, 930 F.2d 526 (7th Cir. 1991), cert. denied, 112 S. Ct. 171 (1991), where this court held that "only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance ...." Thomas, 930 F.2d at 529. Sweeney also cites United States v. Simpson, 7 F.3d 813 (8th Cir. 1993) and United States v. Page, 922 F.2d 534 (9th Cir. 1991) for the proposition that drug or alcohol dependency does not provide a basis for a downward departure. However, the instant action does not involve a review of a district court's departure from the guidelines. Rather, it is the district court's refusal to depart which is at issue.
 
 
 6
 A determination to depart downward from the sentencing guidelines "is wholly within the discretion of the district court [and] there is no appellate remedy if a district court chooses not to depart." United States v. Gaines, 7 F.3d 101, 105 (7th Cir. 1993); United States v. Franz, 886 F.2d 973, 978 (7th Cir. 1989). A failure to depart from the guidelines is reviewable on appeal only where the "decision not to depart is the product of an erroneous belief that the judge lacked the authority to depart ...." Gaines, 7 F.3d at 105. See also United States v. Winston, 34 F.3d 574, 581 (7th Cir. 1994); United States v. Atkinson, 15 F.3d 715, 718 n.2 (7th Cir. 1994).
 
 
 7
 Sweeney does not argue that the district court failed to recognize its authority to depart downward under Sec. 5K1.1. In fact, the record clearly demonstrates that the district court was well aware of its discretion to depart downward. After the government made a motion for departure under Sec. 5K1.1, the district court stated:
 
 
 8
 I don't believe a departure is warranted in this case. We have readjusted the guidelines considerably to take into account the fact that they should be applicable at the time of the offense, and I think within the range of guidelines we can give him consideration for cooperation. The nature of the cooperation, plus the nature of the crime combined, plus the defendant's own particular status as an addicted cocaine user, in my view, warranted that the motion be denied and it is denied.
 
 
 9
 Sentencing Hearing Transcript, Mar. 31, 1993, at 14. In its Addendum to the Presentence Investigation Report, the district court further provided:
 
 
 10
 The government seeks a departure in light of Sweeney's assistance and testimony in the prosecution of the El Rukn street gang. While there is no question that Sweeney cooperated and aided the government, and while we do not wish to minimize his efforts, Sweeney's assistance was not pivotal in these prosecutions. More importantly, Sweeney has been convicted of egregious and violent conduct: Sweeney was hired by Noah Robinson to kill Denise Rosemond, an eye-witness to the murder of LeRoy Barber. Although he did not kill her, Sweeney attacked and repeatedly stabbed Rosemond in her home. We also note, and Sweeney acknowledges, that he had an ongoing drug problem. Accordingly, despite the fact that Sweeney has no additional record of violent crimes, we find that the nature of his crime and cooperation, along with his drug problem, preclude a downard departure. We will, however, take Sweeney's cooperation into account in selecting the range of his sentence.
 
 
 11
 Addendum to Presentence Investigation Report, Apr. 7, 1994, at 1-2.
 
 
 12
 Since the district court knowingly exercised its discretion and declined to depart from the guidelines range, we are without jurisdiction to consider this appeal. Accordingly, this appeal is DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 This case was originally scheduled for December 14, 1994 oral argument. However, on December 5, 1994, Sweeney filed a motion to waive oral argument which was granted on December 9, 1994. Accordingly, the appeal is submitted on the briefs and record
 
 
 [1]
 The original indictment contained 174 counts against a total of 38 defendants alleging that from 1966 through 1989, members of the El Rukn organization and various associates participated in racketeering activities and distribution of narcotics. The indictment outlined the racketeering activities as follows: murder, attempted murder, kidnapping, and intimidation. It also detailed the conspiracy and distribution of multiple quantities of drugs, interstate trafficking and the use of the telephone in furtherance of the conspiracy and distribution of those narcotics. Specific defendants were charged as felons in possession of weapons, and using firearms in the furtherance of drug trafficking. Sweeney was named only in Counts 13 and 14 of the indictment
 
 
 [2]
 Although the plea agreement stated that the government would recommend that the district court depart downward, the agreement made clear that the decision to depart from the applicable guideline range was solely within the discretion of the court