108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Edward ANDERS, Defendant-Appellant.
 No. 95-50518.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1997.*
Decided Feb. 13, 1997.
 
 1
 Before: D.W. Nelson and Trott, Circuit Judges, and Bryan,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Thomas Edward Anders appeals his 420-month sentence following a jury conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 846, and carrying a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Anders contends that the district court erred by denying his request for departure under USSG § 5K2.0, because the court mistakenly believed that it lacked authority to depart, and because the circumstances of Anders's childhood were atypical and unusual enough to warrant departure. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 The district court's conclusion that it lacks legal authority to depart is reviewed de novo. United States v. Roth, 32 F.3d 437, 438 (9th Cir.1994).
 
 
 5
 A sentencing court may impose a sentence outside of the applicable guideline range if a case contains an aggravating or mitigating circumstance that was not adequately considered by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b) (1994); Koon v. United States, 116 S.Ct. 2035, 2044 (1996). Certain factors, including lack of youthful guidance and drug or alcohol dependence, can never be bases for departure. See USSG §§ 5H1.4, 5H1.12; Koon, 116 S.Ct. at 2044. "In the absence of a characteristic or circumstance that distinguishes a case as sufficiently atypical to warrant a sentence different from that called for under the guidelines, a sentence outside the guidelines range is not authorized." USSG § 5K2.0 comment.
 
 
 6
 Here, Anders contends that the district court could have considered lack of youthful guidance in conjunction with drug and alcohol dependence and diminished capacity to determine whether a departure was warranted under USSG § 5K2.0. He also contends that his case is "atypical" because the circumstances surrounding his childhood were exceptionally difficult.
 
 
 7
 In denying Anders request, the district court correctly stated that, as a matter of law, lack of youthful guidance is not an acceptable factor upon which to base departure. See Koon, 116 S.Ct. at 2044; United States v. Johns, 5 F.3d 1267, 1270 (9th Cir.1993) ("No matter how affecting a defendant's story of his upbringing might be, a court may not depart from the applicable Guideline range on that ground."). Moreover, because the law forbids a sentencing court from considering drug or alcohol dependence as a basis for departure, the court did not err by declining to depart on this basis. See Koon, 116 S.Ct. at 2044-45. Additionally, although it is not clear from Anders's brief whether he challenges the district court's findings that Anders did not suffer from diminished capacity and that his case was not so atypical as to warrant departure, we conclude that the district court did not clearly err by making such findings. Accordingly, the district court did not err by denying Anders's request for departure under USSG § 5K2.0.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3