**UNITED STATES of America**

v.

**Charles TURNER, Defendant.**

**No. Crim.A. 95–520–01.**

United States District Court,
E.D. Pennsylvania.

March 24, 2000.

**433**

Nancy Beam Winter, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Rossman Thompson, Federal Defenders Association, Philadelphia, PA, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, Senior District Judge.

Defendant Charles Turner pled guilty before this court to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The defendant now moves for a downward departure from the applicable sentencing range based on his post-offense rehabilitation. After a hearing, and upon consideration of the Presentence Investigation Report (PSI) and the submissions of the parties, the court finds that Turner's efforts at rehabilitation are extraordinary and warrant a departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0.

*Findings of Fact*

Turner was arrested in June 1991 for possession of ammunition by a convicted felon, indicted on September 19, 1995, and entered a guilty plea before this court on December 17, 1997.

Turner was arrested numerous times as juvenile, some of which resulted in adult convictions. Several of these arrests were for robbery offenses. He was also convicted in Pennsylvania state court at age eighteen in connection with a robbery and at age twenty-two for carrying a firearm without a license.

In 1992, Turner moved from the Philadelphia area to Arizona to remove himself from his criminal associates.

Turner had a long history of alcohol and drug abuse. He began drinking alcohol when he was seven, using codeine syrup at eighteen, and smoking marijuana at nineteen. By age twenty-five, he had moved on to heroin and cocaine. In 1993, Turner voluntarily entered an in-patient rehabili-

tation center in Tempe, Arizona. His treatment at the center was successful, and there is no evidence that Turner has abused substances since leaving the center. He has continued to be involved in programs at the center and often refers individuals there for treatment.

After completing his treatment, Turner obtained a job, his first, at a car wash facility. His hard work there resulted in his promotion to the position of assistant manager.

Turner and his wife have four children. He has purchased a home in Arizona in which the family and his mother-in-law reside.

Since moving to Arizona, he was arrested in 1995 for giving false information to a police officer after a traffic stop and was sentenced to one day in jail; he was also arrested in 1997 in with connection the instance offense. Other than an arrest in July 1999 in connection with motor vehicle violations for which he received a citation, Turner has not been arrested since entering his guilty plea to this offense in 1997. Pursuant to his plea agreement, Turner has cooperated with the government in several investigations in Arizona and has proved to be a valuable ongoing resource to agents there.

*Conclusions of Law*

■ Since 1992, Turner has engaged in exceptional efforts at rehabilitation such that a downward departure is warranted.[1] Exceptional or extraordinary examples of post-offense rehabilitation may constitute grounds for a downward departure under U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b). *See United States v. Sally,* 116 F.3d 76, 81 (3d Cir.1997). Such a departure allows "a chance for truly repentant defendants to earn reductions in their sentences based on a demonstrated commitment to repair and rebuild their lives." *Id.* It is only appropriate where the court finds that "the defendant has achieved real gains in rehabilitating himself and changing his behavior." *Id.* at 82.

■ Turner's rehabilitation meets the stringent standard articulated by the Third Circuit in *Sally.* His rather storied criminal history prior to 1992 gave little indication that Turner would become a productive member of society. Nevertheless, Turner has managed a remarkable turnaround in his life. He sought treatment for his substance abuse on his own initiative and has remained sober for approximately six years. Moreover, his continued involvement in his treatment indicates his dedication to his recovery. Turner has not only entered the workforce for the first time in his life but has achieved a position of responsibility and trust in his job. *See United States v. McBroom,* 991 F.Supp. 445, 450–51 (D.N.J.1998) (departing downward based on defendant's post-conviction rehabilitation including his four years of sobriety, daily attendance at Alcoholics Anonymous meetings and his full-time employment). Other than his traffic offenses and his arrest in 1997, Turner has not run afoul of the law since leaving Philadelphia. Furthermore, Turner's indictment on the instant offense did not derail his efforts at rehabilitation; rather he responded by continuing his efforts at rebuilding his life and by providing valuable assistance to the government. While departures based on post-offense or post-conviction rehabilitation are not to be awarded lightly, the court finds that one is appropriate in this case. Turner has achieved concrete results in his efforts to recreate his life, and his behavior over the past seven years demonstrates that he is committed to a permanent positive transformation. Ac-

---

1. The applicable sentencing range is 151 to 188 months. *See* PSI ¶ 50. Because the defendant has three prior convictions for violent felonies, he is subject to a mandatory minimum sentence of fifteen years. *See* 18 U.S.C. § 924(e)(1); PSI ¶ 50. By a separate order of even date, the court granted the government's motion for departure based on the defendant's substantial assistance and thus may

cordingly, the court will depart downward from the applicable guideline range.[2]

impose a sentence below the minimum mandated by statute. *See* 18 U.S.C. § 3553(e).

2. The defendant argues for a sentence of probation. The court finds, however, that it may not consider whether probation would be appropriate because 18 U.S.C. § 924(e) prohibits such a sentence. While the government's motion for a substantial assistance departure pursuant to 18 U.S.C. § 3553(e) allows the court to impose a sentence below the statutory mandatory minimum of fifteen years, the motion does not allow the court to ignore section 924(e)'s ban on probation.

Although the Third Circuit has not yet spoken on the issue, several other circuits have examined the interplay between a substantial assistance motion and 21 U.S.C. § 841(b)'s prohibition on probation for certain drug crimes, which employs language similar that used in section 924(e). *Compare* 18 U.S.C. § 924(e) ("[N]otwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).") *with, e.g.,* 21 U.S.C. § 841(b)(1)(A) ("Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph."). The Sixth, Seventh, Ninth, and Tenth Circuits, the only circuits to have addressed this issue, have all concluded that the ban on probation

remains absolute. *See United States v. Belt,* 89 F.3d 710, 713 (10th Cir.1996) (holding that substantial assistance motion does not override 21 U.S.C. § 841(b)(1)(B)'s prohibition on probation and citing to cases in Sixth, Seventh, and Ninth Circuits holding the same).

In *United States v. Thomas,* 930 F.2d 526, 528 (7th Cir.1991), the Seventh Circuit reasoned that

[t]he presence of the probation ban in a section that imposes a statutory minimum means that there must be some other provision of law that permits the court to impose a sentence below that statutory minimum. That section is [18 U.S.C.] § 3553(e). Congress effectively eliminated probation by creating a statutory minimum; it needed the probation ban only to limit the discretion given to sentencing courts by § 3553(e) to depart from the statutory minimum by eliminating probation as a sentencing option.

*Id.; see also United States v. Roth,* 32 F.3d 437, 440 (9th Cir.1994) (adopting *Thomas* reasoning); *United States v. Snelling,* 961 F.2d 93, 96–97 (6th Cir.1991) (same). The court finds the reasoning of *Thomas* persuasive and equally applicable to 18 U.S.C. § 924(e) which imposes a mandatory minimum sentence as well as precluding probation.